IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ERICK TYRONE COLE, SR., 87-3671, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | No. 3:14-CV-782-G |
| ) | |
| TERRELL POLICE DEPT., ET AL., ) | |
|     Defendants. ) | |

# FINDINGS, CONCLUSIONS AND RECOMMENDATION
# OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

## BACKGROUND

Plaintiff is currently incarcerated in the Kaufman County Jail. He filed this complaint pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *pro se* and the Court has granted him leave to proceed *in forma pauperis*. Defendants are the Terrell Police Department and Officers L. Brewer, W. Tramel and R. Lavin. The Court has not issued process pending judicial screening.

Plaintiff claims Defendants unlawfully arrested him, conducted an illegal search and seizure and also slandered his name. He states that as a result of Defendants' actions, he was convicted in February, 2014 of committing a Terrorist Threat and was sentenced to two years in jail even though he was not guilty of the offense, and the offense was a misdemeanor rather than a felony. He seeks money damages.

## SCREENING

A district court may summarily dismiss a complaint filed *in forma pauperis* if it

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**    Page -1-

concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id*. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.*"* *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 550 U.S. at 555.

## DISCUSSION

Plaintiff's claims are barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). That decision holds that a prisoner cannot bring a § 1983 action challenging his conviction or confinement unless and until the reason for his continued detention has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid by a state tribunal or federal court. *Heck* also bars damage claims, which, if successful, would necessarily imply the invalidity of a conviction or pending charge. *Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996).

In this case, Plaintiff has not alleged that his conviction has been reversed or declared invalid. Hence, no § 1983 cause of action has yet accrued and these claims should be dismissed with prejudice until the *Heck* conditions are met. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (stating dismissal should be with prejudice until *Heck* conditions are met).

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**     Page -2-

Additionally, the Terrell Police Department is a nonjural entity under § 1983. A plaintiff may not bring a civil rights action against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991). A governmental department cannot engage in litigation "unless the true political entity has taken explicit steps to grant the servient agency jural authority." *Darby*, 939 F.2d at 313 (agency of city government). Governmental offices and departments do not have a separate legal existence. *See, e.g. Magnett v. Dallas County Sheriff's Department*, No. 3:96-CV-3191, 1998 WL 51355 at *1 (N.D. Tex. Jan. 20, 1998) (finding Dallas County Sheriff's Department not a legal entity); *Robinson v. Snipes*, No. 3:09-CV-1863-K, 2009 WL 4059197 at *9 n.1 (N.D. Tex. Nov. 20, 2009) (citing *Blaney v. Meyers*, No. 3:08-CV-1869-P, 2009 WL 400092 (N.D. Tex. Feb. 17, 2009)) (finding District Attorney's Office is nonjural entity). Plaintiff's complaint should therefore be dismissed.

## RECOMMENDATION

The Court recommends that: (1) Plaintiff's claims against the Terrell Police Department should be dismissed pursuant to 28 U.S.C. § 1915(e)(2); and (2) Plaintiff's remaining claims should be dismissed until the *Heck* conditions are met.

Signed this 8th day of April, 2014.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).